# IN THE COURT OF APPEALS OF IOWA

No. 18-1021
Filed August 7, 2019

**BOBBY JOE MORRIS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Arthur E. Gamble,

Judge.

Bobby Joe Morris appeals from the dismissal of his application for

postconviction relief. **AFFIRMED.**

Andrew Dunn of Parrish Kruidenier Dunn Boles Gribble Gentry Brown &

Bergmann L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.

Considered by Mullins, P.J., Bower, J., and Vogel, S.J.*  Gamble, S.J.,

takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**BOWER, Judge.**

Bobby Joe Morris appeals from the dismissal of his application for postconviction relief (PCR) in which he challenges his 1998 conviction for first-degree murder.

While details of the underlying offense have been set out in our previous opinion, *see State v. Morris*, No. 98-1640, 2000 WL 381641, at *1–2 (Iowa Ct. App. Apr. 12, 2000), here we note Morris was charged with committing or aiding and abetting first-degree murder, with the jury being allowed to determine the shooting of Morris's girlfriend was done with premeditation or while committing the forcible felony of willful injury. We affirmed his conviction on appeal. *Id.* at *9 (further review denied, procedendo issued Aug. 3, 2000).

On appeal from the denial of his first PCR proceeding—which application was filed in 2001 but was not decided until December 16, 2005—Morris's counsel argued four issues,

> all of which relate to the felony murder/merger rule adopted in [*State v.*] *Heemstra*[*, 721 N.W.2d 549 (Iowa 2006)]. Morris claim[ed]: (1) the district court erred when it ruled his concerns were without merit; (2) appellate counsel was ineffective for not challenging the felony murder/merger rule on direct appeal; (3) he received ineffective postconviction relief counsel because counsel did not claim appellate counsel was ineffective for not raising the felony murder/merger rule; and (4) the Iowa Supreme Court erred when it ruled that *Heemstra* only applied to cases on direct appeal.

*Morris v. State*, No. 06-0069, 2007 WL 1827394, at *1 (Iowa Ct. App. June 27, 2007). We addressed those claims and affirmed the PCR dismissal. *See id.* at *2–5. Further review was denied by the supreme court, and procedendo issued on August 31, 2007.

A second July 30, 2010 PCR application was dismissed for failure to prosecute on January 20, 2015. This application was filed three years and ten months after *Heemstra* was decided and thirty-five months after procedendo issued on the denial of his first PCR.

On July 31, 2017, Morris filed his third PCR application. Consequently, this PCR application was filed seventeen years after procedendo issued on the appeal from his conviction. It was filed nine years and eleven months after procedendo issued on the appeal of his first PCR application.

The State moved for summary judgment, asserting Morris's claims in this third PCR application were previously litigated or time-barred pursuant to Iowa Code section 822.3 (2017) (providing a three-year limitation period unless the applicant raises a "ground of fact or law that could not have been raised within the applicable time period"). Morris resisted.

The district court set out Morris's claims[1] and found most of the claims were time-barred or "have been litigated either on direct appeal or in Morris'[s] first PCR." With respect to the one issue not previously raised—that the non-retroactive application of *Heemstra* violates the prohibition against cruel and unusual punishment of the Eighth Amendment of the United States Constitution—

---

[1] Morris asserted seven claims in this PCR application: (1) prosecutorial misconduct for failing to provide exculpatory evidence related to statements made by James Caster; (2) ineffective assistance of trial counsel and subsequent counsel related to that prosecutorial misconduct, i.e., failure to raise the issue; (3) failure of the trial court to apply the reasoning of *Heemstra* when it was argued in relation to Instruction 33 (felony-murder/willful injury as underlying felony); (4) ineffective assistance of appellate counsel and subsequent counsel by failure to raise the *Heemstra* issue; (5) the non-retroactive application of *Heemstra* violates the prohibition against cruel and unusual punishment of the Eighth Amendment of the United States Constitution; (6) the Iowa Supreme Court misinterpreted the retroactivity of *Heemstra*; and (7) jury tampering/instructional error because Morris was never found guilty of willful injury.

the court treated the issue as a claim of an illegal sentence, which can be raised at any time. *See State v. Harrison*, 914 N.W.2d 178, 187 (Iowa 2018).

The PCR court concluded:

> [T]he prohibition against cruel and unusual punishment set forth in the state and federal constitutions does not require retrospective application of ameliorative statutory sentencing provisions. *Dixon v. Iowa Dist. Ct. for Scott Cty.*, 2018 WL 1182529 (Iowa Ct. App. 2018). The same reasoning holds for retrospective application of *Heemstra*. While *Heemstra* came down during the appeal of the first PCR, *Morris v. State*, 2007 WL 1827394, at *4, appellate counsel in the first PCR had no obligation to raise these constitutional issues because they had no merit.

On appeal, Morris argues the court erred in finding his claim concerning the State's failure to disclose exculpatory evidence was untimely. He asserts he was prejudiced by the failure of his appellate counsel in his first postconviction proceedings to raise the claim regarding the withholding of exculpatory evidence. He also contends, "Morris's case should have been the *Heemstra* . . . case." Finally, he urges his life sentence, where one alternative given to the jury was forcible-felony murder, constitutes cruel and unusual punishment.

Ordinarily, our review of PCR proceedings is for errors of law. *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). "But when the basis for relief is a constitutional violation, our review is de novo." *Id.*

Iowa Code section 822.3 contains a statute of limitations for PCR actions. At the time Morris filed this action in 2017, section 822.3 required that PCR applications "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued."[2]

---

[2] Section 822.3 has been amended, effective July 1, 2019. The three-year limitation remains:

As noted above, this PCR application was filed seventeen years after procedendo issued on the appeal from his conviction. And, even if the relation-back doctrine of *Allison* is applicable, it provides Morris no relief. The application was filed nine years and eleven months after procedendo issued on the appeal of his first PCR application. We cannot say a petition filed almost a decade after the denial of his first postconviction-relief action can be said to have been "filed promptly after the conclusion of the first PCR action." *Allison*, 914 N.W.2d at 891. All of Morris's claims of ineffective assistance of trial, appellate, and first PCR counsel are time barred.

---

All other applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period. *An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods.* Facts within the personal knowledge of the applicant and the authenticity of all documents and exhibits included in or attached to the application must be sworn to affirmatively as true and correct. The supreme court may prescribe the form of the application and verification. The clerk shall docket the application upon its receipt and promptly bring it to the attention of the court and deliver a copy to the county attorney and the attorney general.

The emphasized language is new. It appears to be in response to *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018), in which the supreme court adopted a "relation-back doctrine to the statutory period of limitation under section 822.3 when an applicant alleges in a second PCR proceeding brought outside the three-year time frame that the attorney in the first PCR proceeding was ineffective in presenting the same claim as raised in the second proceeding." *Goode v. State*, 920 N.W.2d 520, 525 (Iowa 2018).

In *Allison* the court held:

[T]he best approach is to hold that where a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 *if the successive PCR petition is filed promptly after the conclusion of the first PCR action.*

914 N.W.2d at 891 (emphasis added).

With respect to his cruel-and-unusual-punishment claim, Morris grounds the claim on due process, arguing, "The due process violation as to Morris results in his cruel and unusual punishment under Article I, section 17 of the Iowa Constitution . . . and the Eighth Amendment." He asserts:

> With a general verdict, Morris is spending his life in prison without a finding he "acted willfully, deliberately, premeditatedly and with a specific intent to kill Kelsey Bitting[,]" the very prerequisite to sentencing someone for first-degree murder. Morris's life imprisonment is based on a conviction lacking in proof beyond a reasonable doubt as to every fact necessary to constitute first-degree murder. This is a violation of the Due Process Clause of the United States Constitution.

This type of challenge has been rejected in *State v. Nowlin*:

> [A]ll murder which is committed in the perpetration of [specified felonies] is murder in the first degree. Defendant made timely exception to the instruction 'on constitutional grounds', alleging it makes it possible for a conviction of first-degree murder to occur without proof of 'specific intent to commit murder'. The exception was overruled. He now attacks the statute on equal protection and due process grounds.
>
> . . . .
>
> In his due process challenge, defendant contends the felony-murder statute allows the State to avoid proving the state of mind essential for first-degree murder by presumptively supplying it when the crime occurs during the perpetration of one of the enumerated felonies. He relies on the principle that a defendant is denied due process of law when the State is not required to prove every element of the crime charged beyond a reasonable doubt.
>
> The fallacy in defendant's position is his assertion, without citation of authority, that willfulness, premeditation and deliberation are essential elements of all first-degree murder. *The statutes which define the crime do not support this assertion.*

244 N.W.2d 596, 604 (Iowa 1976) (emphasis added) (citations omitted). "Willfulness, deliberation and premeditation are not essential elements of murder as defined in [section 707.2(1)(b)]. They are simply elements present in one

category of murder sufficient to enhance the penalty." *Id.* at 604–05; *accord Harrison*, 914 N.W.2d at 193.

Finding no error, we affirm.

**AFFIRMED.**